UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVID A. MCNEAL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:05CV312 CDP |
| RANDY MARTIN, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

David McNeal claims that officers at the Crawford County Jail deprived him of the right to freely exercise his religion by withholding from him a Christian correspondence course that he ordered. Defendants have moved for summary judgment, asserting that jail policy allowed him to have one book in his cell, and that he had a Christian Bible, so his free exercise rights were not violated. I conclude that McNeal has failed to point to any evidence that would show a genuine dispute as to whether his free exercise rights were violated, so I will grant the defendants' motion for summary judgment.

## Background

When he filed this suit, David McNeal was confined to the Crawford County Jail. He ordered a Bible correspondence course, which was received in the jail in late October of 2004. Jail officials refused to give him the materials, following a jail

policy that prohibits inmates from having bulky or voluminous paper materials in the cells. The jail allows inmates to keep one book, and plaintiff had a Christian Bible, which he agrees is the primary religious text of his faith. Plaintiff's verified complaint states that he wished to have the correspondence course "to continue my religious studies." After exhausting the jail's grievance procedure, McNeal filed this suit on February 18, 2005. Some time in June or July, McNeal was transferred to the Moberly Correctional Center, which is run by the Missouri Department of Corrections. When McNeal left the Crawford County Jail, he was allowed to take the materials with him, and they are no longer in the jail's possession.

## Discussion

Summary judgment is appropriate if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleading but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Rule 56(e), Fed. R. Civ. P. In determining summary judgment, the facts and the inferences from those facts are viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986). At the summary judgment stage, courts do not weigh the evidence and decide the truth of the matter, but rather determine if there is a genuine issue for trial. Anderson, 477 U.S. at 249. Rule 56(c) mandates the entry of summary judgment against a party if, after adequate time for discovery, that party fails to make a showing sufficient to establish the existence of an essential element of the case that the party will have the burden of proving at trial. Celotex, 477 U.S. at 322-23.

McNeal's complaint alleges that his free exercise rights were violated. His complaint is brought under 42 U.S.C. § 1983, but it does not specify whether he is claiming a violation of his free exercise rights only under the First Amendment, or also under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. 2000cc et seq. For purposes of this motion, I will assume he is asserting his rights under both the statute and the constitution.

In Murphy v. Missouri Department of Corrections the Eighth Circuit Court of Appeals discussed the standards that apply to First Amendment claims and to those under RLUIPA. 372 F.3d 979 (8th Cir. 2004). "Constitutional claims that would otherwise receive strict scrutiny analysis if raised by a member of the general population are evaluated under a lesser standard of scrutiny in the context of a prison setting." Id. at 982 (citing Turner v. Safley, 482 U.S. 78 (1987)). A prison

regulation does not violate the Constitution if it is reasonably related to legitimate penological interests.  Under Turner the court should consider (1) whether there is a valid rational connection between the prison regulation and the government interest justifying it; (2) whether there is an alternative means available to the prison inmates to exercise the right; (3) whether an accommodation would have a significant ripple effect on the guards, other inmates, and prison resources; and (4) whether there is an alternative that fully accommodates the prisoner at de minimus cost to valid penological interests.  RLUIPA imposes "a higher standard of review than that which applies to constitutional free exercise claims."  Murphy, 372 F.3d at 986. Under RLUIPA, a prisoner must show that the regulation places a substantial burden on his ability to exercise his religion.  A prison regulation substantially burdens a prisoner's religious exercise if it:  (1) significantly inhibits or constrains conduct that manifests some central tenet of the prisoner's religious beliefs; (2) meaningfully curtails the prisoner's ability to express adherence to his or her faith; or (3) denies the prisoner reasonable opportunities to engage in those activities that are fundamental to the prisoner's religion.  Weir v. Nix, 114 F.3d 817 (8th Cir. 1997).

    None of the cases in this Circuit deal specifically with a regulation allowing a prisoner to have only one book.  Weir held that the prison did not violate the

plaintiff's rights by failing to provide a Christian minister who believed in "separatist" Christianity, or by placing certain other restrictions on the plaintiff's activities and possessions, including a limit of twenty-five books. 114 F.3d 817. Murphy upheld summary judgment on a prisoner's First Amendment claim related to group worship, but reversed it on his First Amendment claim related to possession of a religious newsletter, and also reversed summary judgment on the RLUIPA claim about group worship. 372 F.3d 979. Two unreported Eighth Circuit cases appear to contradict one another on whether allowing only two books was sufficient. In Jones v. Banks, 51 Fed. Appx. 608 (8th Cir. Nov. 19, 2002), the Court affirmed dismissal of a challenge to a policy limiting inmates to two books. In Roddy v. Banks, 124 Fed. Appx. 469 (8th Cir. Feb. 25, 2005) the Court held that denial of more than two books was a free-exercise violation, but found that the defendants were nevertheless entitled to qualified immunity.[1] 124 Fed. Appx. at 471. A recent district court decision from Arkansas found that a two-book limit that was part of a prison incentive system was allowable. Garrison v. Banks, 2005 WL 2234635 (E. D. Ark. Sept. 13, 2005).

---

[1] Curiously, defendants here did not raise qualified immunity in their summary judgment motion, and under the Court's Case Management Order, they cannot file another summary judgment motion. They did raise it as an affirmative defense in their answer, but by not filing a motion for summary judgment within the time limits, they have waived their right to assert it as a pre-trial matter.

Defendants provided an affidavit establishing that the policy limiting the materials inmates could have in their cells was reasonably related to the legitimate goal of promoting security, since loose papers could be used to hide contraband or to start a fire. Although plaintiff argues that the papers were voluminous or bulky, I do not believe that this gives rise to a genuine dispute of material fact, because the policy's one book limit applies to all paper materials.

McNeal did not provide an affidavit or any other evidence with his opposition to the motion. I can, of course, consider as evidence the factual assertions contained in his verified complaint. McNeal has only alleged that he wanted the religious correspondence course "to continue my religious studies." In his unverified brief in opposition to the defendants' motion for summary judgment, he states that the correspondence course "is a Central Tenet of plaintiff's religious belief," and that its denial "substantially burdens" his exercise of his religion. A brief is not evidence and arguments are not facts. Even if McNeal had provided these statements in an affidavit, I would be hard pressed to find a genuine dispute of material fact from such conclusory statements. McNeal has not provided any explanation for why the correspondence was necessary or how its not being made available to him inhibited his ability to practice Christianity or express his Christian faith. Neither party has provided any evidence regarding what other opportunities

plaintiff had to exercise his religion. Plaintiff has provided no indication that he believes in any particular type of Christianity, and he agrees that the Christian Bible that he possessed was the primary religious literature of his faith.

Under all the circumstances here, I conclude that plaintiff has failed to provide evidence from which a genuine factual dispute can be inferred. Once defendants provided evidence supporting their right to judgment as a matter of law, plaintiff was obligated to present <u>some</u> evidence that could give rise to a genuine dispute. He has completely failed to do so. He has not even produced any convincing arguments that might show that the correspondence course was somehow necessary to the exercise of his religion. The undisputed evidence, limited as it is, shows that not receiving the correspondence did not produce a substantial burden on plaintiff's free exercise of his religion. Defendants are therefore entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [#33] is granted, and plaintiff shall take nothing on his complaint.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2005.